

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION | ) ) ) | Civil No. 5:07cv08009 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION |
| ROSA A. RODRIGUEZ, AND UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) | By: Samuel G. Wilson United States District Judge |
| Defendant. | ) ) | |

Plaintiff Columbia Gas Transmission Corporation ("Columbia") brought this condemnation action under the Natural Gas Act ("NGA"), 15 U.S.C. §§ 717-717z, for the non-exclusive use of an existing road on the property of defendant Rosa A. Rodriguez for Columbia's access to its pipeline. Columbia has filed a motion for summary judgment and argues that $3,612.50 would constitute just compensation for Columbia's easement on the Rodriguez property. Rodriguez has not filed an answer, response to the summary judgment motion or any pleading at all in this case. This court granted Columbia possession of the easement and access to the road on March 30, 2007. The only remaining issue is just compensation. The court finds that $3,612.50 is just compensation and therefore grants Columbia's motion for summary judgment.

I.

On November 1, 2005, the Federal Energy Regulatory Commission issued Columbia a certificate of public convenience and necessity under the NGA. 113 FERC ¶ 61, 118. Columbia filed this action on January 25, 2007. Rodriguez was served with Columbia's complaint and the

notice of condemnation of the Shenandoah County land on February 20, 2007 through Secretary of the Commonwealth pursuant to Virginia Code § 8.01-329. The court granted Columbia possession of the easement and access to the road on March 30, 2007. Columbia v. Rodriguez, 5:07cv08009, (Order, March 30, 2007). The grant was without prejudice to Rodriguez's compensation. Rodriguez has made no appearance and has filed no pleadings in this case.

## II.

An award of summary judgment may be made only "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are viewed in the light most favorable to the non-moving party. See Lee v. York County Sch. Div., 484 F.3d 687, 693 (4th Cir. 2007). To withstand a summary judgment motion, the non-moving party must offer evidence from which a fair-minded jury could return a verdict for the party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The NGA grants the federal power of eminent domain to private natural gas companies if they hold a certificate of public necessity from the Federal Energy Regulatory Commission and either cannot acquire the property by contract or cannot agree with a landowner as to an amount to be paid for a necessary right of way. 15 U.S.C. § 717f(h). Columbia is a natural gas company as defined in the NGA, 15 U.S.C. § 717a(6), and it holds a certificate of public necessity from FERC. As to Rodriguez, Columbia sought an easement of non-exclusive use of a .85-acre stretch of road.

This court's grant of possession of the easement to Columbia ended the issue of whether Columbia could lawfully use the road under the NGA. The only remaining issue is of just

compensation. The burden of establishing the value of condemned lands lies with Rodriguez. United States v. Powelson, 319 U.S. 266, 273-74 (1943). Rodriguez is entitled at this stage to present evidence on compensation, despite the lack of an answer. Fed. R. Civ. P. 71.1(e). A plaintiff's offer on a property interest may constitute the minimum estimate of what constitutes just compensation. See ANR Pipeline Co. v. 62.026 Acres of Land, 389 F.3d 716, 718 (7th Cir. 2004). "Market value," rather than the value to the condemnor or the owner, is the proper measure of just compensation. United States v. Petty Motor Co., 327 U.S. 372, 377-78 (1946).

The area of the road at issue is .85 acres. Columbia values the easement at $3,612.50. This reflects a value of $8,500 per acre based upon the average value of similar property at the time the negotiations were attempted with Rodriquez. The amount was then reduced by 50% because Columbia's use of the road is not exclusive. This estimate is supported by the declaration of Douglas Holley, a Columbia land manager. (Pl.'s Mot. for Summ. J. Ex. 2.)

Rodriguez has offered no evidence, and the court concludes that $3,612.50 is appropriate compensation. Accordingly, the court grants Columbia's motion.

### III.

For the foregoing reasons, the plaintiff's motion for summary judgment is granted.

**ENTER:** This ___ day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE